ESTHER POSNER, Appellant, *v.* AARON COHN, Respondent.

First Department, February 4, 1921.

**Landlord and tenant — negligence — action against owner of leased building for injuries received by falling on sidewalk in front of building — question of fact as to whether condition existed prior to lease — question as to whether lease was fictitious.**

In an action to recover for injuries received by the plaintiff when she fell on the sidewalk in front of a building which was owned by the defendant but prior to the accident had been leased to a corporation owned by the defendant's sons, the evidence examined, and *held*, that the complaint should not have been dismissed at the close of the case but that the plaintiff should have been permitted to go to the jury on the question whether

the defendant leased the premises with the alleged nuisance in the sidewalk in front thereof.

Furthermore, the plaintiff should have been permitted to go to the jury on the question whether the defendant, despite the alleged lease, was in fact the real owner and so remained such owner at the time of the accident.

APPEAL by the plaintiff, Esther Posner, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 17th day of June, 1920, upon the dismissal of the complaint by direction of the court at the close of the entire case.

*Nathan Kelmenson,* for the appellant.

*Nathan B. L. Cosel* [*M. A. Kursheedt* of counsel], for the respondent.

DOWLING, J.:

This action was brought to recover damages for injuries sustained by the plaintiff by reason of the maintenance of a nuisance by the defendant. Plaintiff was walking on the sidewalk in front of premises 282–286 East Broadway, in the borough of Manhattan, city of New York, carrying a child in her arms, when the heel of one of her shoes caught in an open hole in the coal hole cover in front of said premises, causing her to fall to the ground. Defendant denies that it was a coal hole cover, but admits that it is a vault light, the openings in which were intended to be covered by glass. The testimony shows that there were three holes in the said cover, which was made of smooth iron; these holes were due to the absence of glass which should have covered them and their size was given as about three fingers in diameter. The dismissal is sought to be sustained upon the ground that at the time of the accident the premises were not in the possession and control of the defendant, the owner thereof, but of a corporation, the Pikeway Realty Corporation, to which he had leased the same, and that there was no proof that the premises were in a defective condition when the lessee took possession thereof. As to the second ground, the lease to the Pikeway Realty Corporation, which is in writing, was made on January 15, 1913. The accident occurred on March 7, 1916. The trial took place on June 14, 1920. Joseph Krosonsky, a witness for plaintiff, testified that he saw the accident and

noticed the point where she fell on the cover. He marked the spot where she fell and testified that it was her heel which went into the hole in the cover, and that the cover had been in the same condition for the past eight or ten years. In answer to a question by the trial court, he said that he was not sure that it was in the same condition for eight or ten years but he knew he walked there for sometime, that the condition was the same and that one of these covers was so smooth that anybody might have been hurt there. But in response to a question by the defendant's counsel he again swore positively that the cover was in the same condition for the past ten years. Meyer Posner, plaintiff's husband, also identified the spot where the accident took place, and said the cover was smooth and there were three openings there where the glass had fallen out. He also marked the spot, which is on the same cover identified by Krosonsky, and swore that the condition of the cover was the same for six years preceding the trial, during which he had daily opportunity to observe it as he peddled baked potatoes in front of this building and the potato peels would fall into the holes, which he said were three fingers in size. I think upon this testimony there was an issue of fact for the jury as to whether the cover in question was in the same defective condition when defendant made the alleged lease to the Pikeway Realty Corporation as it was at the time of the accident.

Furthermore, under the peculiar facts in this case as shown by the testimony of defendant's witnesses coupled with the still more significant failure to make proof of the actual nature of the transaction between the parties, I think there was a question of fact for the jury as to whether the alleged lease was in fact a leasing or whether the instrument was only a document without force and effect, never intended to operate as a lease and never in fact operating as such, the defendant being the real party in control of the premises all the time. Ordinarily, proof of a lease under seal to a corporation which entered into possession of the premises thereunder would be sufficient to divest the owner of liability for whatever happened after the tenant took possession, particularly where, as in this lease, there was a covenant that the tenant should make all repairs both to the interior and exterior of

First Department, February, 1921.      [Vol. 195.

the premises. But the defendant's own proof shows, by the defendant's son William Cohn, that the defendant is eighty-five years of age; that he owned several large properties in the borough of Manhattan; that he had three sons, one of whom is now deceased; that the officers and stockholders of the Pikeway Realty Corporation were the defendant's three sons; that the defendant was not a stockholder thereof; that the capital stock of the corporation was $1,200 or $1,400, although it undertook to pay $34,000 per year rent for premises 1–9 Gouverneur street (the premises in question being so described in the lease), 102–110 Attorney street and 121–125 East Broadway, for the period of five years; that the corporation had no check account and no bank account. The witness claimed that they had books to show how much rent had been collected but they were not produced. When the question was asked as to how the company turned the rent over to the defendant objection was made by defendant's counsel and sustained. It was admitted by the witness that there was a fire in the premises in 1914 and the building was partially destroyed thereby; that it was not repaired and it was eventually demolished. The witness supposed that his father demolished the building, but he was not positive; that occurred in October, 1916. The witness was asked how much he turned over to his father as rent of the building, but he could not remember the amount nor could he tell how much rent was chargeable against this particular building out of the total rent received for the three properties. Upon the facts in this case, I am of the opinion that the motion made by the plaintiff's counsel should have been granted, that he be allowed to go to the jury, *first,* upon the question of whether the defendant demised the premises with the alleged nuisance in the sidewalk in front thereof, and, *second,* whether the defendant, despite the alleged lease, was in fact the real owner and so remained such owner at the time of the accident.

The judgment appealed from is reversed and a new trial ordered, with costs to appellant to abide the event.

Clarke, P. J., Smith, Page and Greenbaum, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.